UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD McNABB,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, C.S.P - SACRAMENTO,<br><br>Respondent. | NO. CV 15-9269-MMM (AGR)<br><br><br>ORDER TO SHOW CAUSE |

    Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 presenting four grounds for relief.  Grounds One, Two and Three are challenges to his 1982 murder conviction and are barred as a second or successive petition.

    This Order addresses only Ground Four, in which Petitioner challenges the Parole Board's December 3, 2014 stipulated finding that Petitioner was unsuitable for parole and would not be considered again for five years.  For the reasons discussed below, it appears that Petitioner's fourth claim is not cognizable on federal habeas review.

    The court therefore orders Petitioner to show cause on or before **January 6, 2016** why the court should not recommend dismissal of Ground Four.

I.

**SUMMARY OF PROCEEDINGS**

After a bench trial in 1982, a Los Angeles County Superior Court judge convicted Petitioner of second-degree murder and sentenced him to prison for 15 years to life. (Petition at 25-26.) Petitioner challenges that conviction in the first three claims of the four-claim petition. (*Id.* at 29 (Ground One), 31 (Grounds Two and Three).)

On December 3, 2014, the Parole Board postponed, for five years, consideration of Petitioner for parole, on Petitioner's stipulation after consultation with counsel. (Petition at 2-13 (excerpts of Board hearing transcript).)

On December 1, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in this court. In addition to the three claims challenging his 1982 conviction, Petitioner challenges, in Ground Four, the Parole Board's actions.

II.

**GROUND FOUR: DUE PROCESS VIOLATION**

The Ninth Circuit's holding that California law creates a liberty interest in parole "is a reasonable application of our cases." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the applications of those constitutionally required procedures." *Id.* at 220. "In the context of parole, . . . a prisoner . . . receive[s] adequate process when he [is] allowed an opportunity to be heard and [is] provided a statement of the reasons why parole was denied." *Id.*; *see also Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

Because the only federal right at issue in parole proceedings is procedural, a federal habeas court may not consider "whether the state court decided the case correctly." *Swarthout*, 562 U.S. at 222. Specifically, this court may not

1 review whether some evidence supports the parole decision. *Id.* Petitioner's
2 submissions, including an excerpt of the transcript of the hearing at which he
3 most recently was denied parole (Petition at 2-13), indicate he received "at least
4 [the required] amount of process." *Id.* at 220. He was represented at the
5 hearing. (Petition at 7.) Petitioner stated he had no questions about his rights.
6 (*Id.* at 8.) Petitioner and his counsel stipulated to a finding that he was unsuitable
7 for parole and to scheduling his next parole eligibility hearing for five years hence.
8 (*Id.* at 7-10.) Petitioner's counsel did assert an Eighth Amendment objection on
9 the grounds that Petitioner already had served his "maximum base term" for the
10 murder. Petitioner argues that the Board "abuse[d] its discretion" in finding that
11 he would be an unreasonable risk.[1] (*Id.* at scanned page 67.)
12      To the extent Petitioner challenges the Board's findings, his claim is not
13 cognizable on federal habeas review. *Swarthout*, 562 U.S. at 219, 222.
14      To the extent Petitioner asserts that the denial of parole renders his
15 sentence "cruel and unusual" in violation of the Eighth Amendment, Petitioner's
16 argument is clearly without merit. Petitioner was convicted of murder. A life
17 sentence for murder is not cruel and unusual punishment. *See, e.g., Harris v.*
18 *Wright*, 93 F.3d 581, 585 (9th Cir. 1996) (sentence of life imprisonment without
19 parole raises no inference of disproportionality for murder conviction and does not
20 violate Eighth Amendment).
21      In addition, it appears that Ground Four has not been exhausted in the
22 state courts, as is required for habeas relief. *See* 28 U.S.C. § 2254(b)(1). Based
23 on the Court's review of the California Supreme Court's online public records,
24 Petitioner has not presented any grounds for relief in that court since 1991, when
25 the court denied his habeas petition there in its case number S022759. Federal

---

[1] The Board cited a 15-page Comprehensive Risk Assessment of Petitioner issued three weeks before his parole hearing. (*Id.* at scanned pp. 14-21.)

3

habeas relief is not available for an unexhausted ground.  28 U.S.C. § 2254(b)(1)(A).

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that on or before *January 6, 2016*, Petitioner shall show cause why the court should not recommend dismissal of Ground Four for the reasons noted above.

**Petitioner is also advised that if he fails to respond to this order to show cause by January 6, 2016, the court will recommend that the petition be dismissed.**

Date: December 8, 2015

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

4