UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD MCNABB,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, C.S.P. - SACRAMENTO,<br><br>Respondent. | NO. CV 15-9269-SJO (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On January 25, 2016, Petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Los Angeles County Superior Court in 1982. (FAP at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus actions in the Central District.

The FAP indicates that, after a bench trial in 1982, Petitioner was convicted of second degree murder and sentenced to prison for 15 years to life. (FAP at 2.)

On July 13, 2004, petitioner filed a Petition for Writ of Habeas Corpus in this court in case number CV 04-5850-FMC (SH). Petitioner challenged the same 1982 conviction. On March 25, 2005, the district court denied that habeas petition with prejudice as untimely. (Dkt. Nos. 42-43, 46.) On June 22, 2006, the Ninth Circuit denied a certificate of appealability. (Dkt. No. 50.) On February 28, 2007, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive petition. (Dkt. No. 55.)

Meanwhile, on December 28, 2005, petitioner filed a second habeas petition in case number CV 05-08973-FMC (SH). Petitioner challenged the same 1982 conviction. On January 17, 2006, the district court dismissed that habeas petition as an unauthorized, successive petition. (Dkt. No. 5.)

Between that 2006 dismissal and the filing of the current action, Petitioner filed five more habeas actions in this court challenging the 1982 conviction, all of which this court dismissed for lack of jurisdiction as successive. (*See* Dockets in case nos. CV 08-4291-FMC (SH)), 09-0826-FMC (SH), 09-9457-MMM (SH), 11-7095-MMM (SH) and 12-2394-MMM (SH).) On May 19, 2010, the Ninth Circuit denied an application to file a second or successive petition. (Dkt. No. 5, Case No. 09-826 FMC (SH).) On November 14, 2011, the Ninth Circuit again denied Petitioner's application to file a second or successive petition. (Dkt. No. 4, Case No. 09-9457 MMM (SH).)

On December 3, 2014, the Parole Board found Petitioner unsuitable for parole. On December 1, 2015, Petitioner filed in this court his initial petition, which contained four claims. Grounds One, Two and Three again challenged his 1982 conviction. In Ground Four, Petitioner challenged his December 3, 2014 parole denial, complaining that he presented no danger to the public. On December 8, 2015, the court ordered Petitioner to show cause why the court should not recommend dismissal of Ground Four on the grounds that it was unexhausted and barred by *Swarthout v. Cooke*, 562 U.S. 216 (2011). On


December 21, 2015, Petitioner filed a response to the show-cause order that did not address the substance of the order to show cause. Petitioner requested that the court release him "with time served[.]" (Dkt. No. 4.)

On January 25, 2016, Petitioner filed the FAP. The FAP challenges the 1982 conviction and contains two grounds: (1) insanity; and (2) ineffective assistance of counsel. (FAP at 2, 5.) Petitioner deleted the claim regarding his parole denial and, therefore, has waived that claim. The First Amended Petition supersedes the initial petition and waives any claims from that petition. *See Sechrest v. Ignacio*, 549 F.3d 789, 804 (9th Cir. 2008) ("The filing of a new petition cancels out and waives any claims from the old petition.").

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same 1982 conviction and sentence imposed by the same judgment of the state court

as in Petitioner's seven prior habeas actions in this court. (Case Numbers CV 04-5850-FMC (SH), CV 05-08973-FMC (SH), CV 08-4291-FMC (SH), 09-0826-FMC (SH), 09-9457-MMM (SH), 11-7095-MMM (SH) and 12-2394-MMM (SH).) The Ninth Circuit has denied Petitioner's applications to file a successive petition three times. (Dkt. No. 55, CV 04-5850-FMC (SH); Dkt. No. 5, Case No. 09-826 FMC (SH); Dkt. No. 4, Case No. 09-9457 MMM (SH).)

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

### III.
### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: February 10, 2016.

S. James Otero

S. JAMES OTERO
United States District Judge

4